IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

GOLDEN MINI MART, INC.,                    )
    a Pennsylvania Corporation             )
                                    )
             vs.                          )     NO. 2:25-CV-00765
                                      )
UNITED STATES OF AMERICA,                   )
    UNITED STATES DEPARTMENT OF            )
    AGRICULTURE, FOOD AND                  )
    NUTRITION SERVICE                      )

**COMPLAINT IN CIVIL ACTION**

FILED ON BEHALF OF
GOLDEN MINI MART, INC.,
Petitioner


Counsel of Record for this
Party:

JAMES M. HERB, ESQUIRE
PA I.D. #27854

JAMES M. HERB, P.C.
ATTORNEY-AT-LAW
d/b/a HERB & WINTERS LAW
FIRM #089
464 PERRY HIGHWAY
PITTSBURGH, PA 15229
PHONE: (412) 931-3344
FAX: (412) 931-3225
EMAIL: jamesherb@attyjamesherb.com

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

GOLDEN MINI MART, INC.,                      )
    a Pennsylvania Corporation               )
                                )
            vs.                                )    NO. 2:25-CV-00765
                                )
UNITED STATES OF AMERICA,                    )
    UNITED STATES DEPARTMENT OF              )
    AGRICULTURE, FOOD AND                    )
    NUTRITION SERVICE                        )

## COMPLAINT IN CIVIL ACTION

### JURISDICTION

A Court has jurisdiction over this matter by virtue of Section 14 of the Food and Nutrition Act of

2008 (7 USC Section 2023, as well as Title 7, Code of Regulations, Part 279.7 (7 CFR Section

279.7). This is a Complaint seeking judicial review of an administrative action of the United

States Department of Agriculture, Food and Nutrition Service.

### BACKGROUND

1.      Golden Mini Mart, Inc. is a corporation organized under the laws of the

Commonwealth of Pennsylvania which does business at 4500 4th Avenue, Beaver Falls,

Pennsylvania 15010-3313.

2.      The Defendant, the United States of America Department of Agriculture, Food

and Nutrition Service has a mailing address of 1320 Braddock Place, 5th Floor, Alexandria,

Virginia 22314.

3.      Golden Mini Mart, Inc. received initial authorization to participate in the

Government's Supplemental Nutrition Assistance Program (SNAP) on August 19, 2022.

4.     Golden Mini Mart, Inc., a Pennsylvania corporation, is operated by Wejdan Yahia Nasser, an individual who is Thirty (30) years of age at the present, but Twenty-Seven (27) years of age when the authorization was issued.

5.     The corporate Plaintiff received notice of violations of the program between August 3, 2023, and August 19, 2023. It was alleged that there were three violations during that time.

6.     The Agency conducted five separate investigations of the Golden Mini Mart during that period of time. As a result of the three alleged violations, the Agency proposed a six-month disqualification.

7.     In accordance with the regulations, the Plaintiff by and through counsel requested a timely administrative review of the matter. A final decision on the administrative review was made by the Administrative Review Officer on or about May 6, 2025. A true and correct copy of that decision is attached hereto, made a part hereof and marked **Exhibit 1**. Plaintiff believes and therefore avers the following:

     a.  Any violations of the program caused by an undertrained clerk and not a principal of the corporation;

     b.  That the corporation has requested a hardship civil penalty in lieu of disqualification.

8.     Documentation in support of the averments made by the Plaintiff is attached hereto, made a part hereof and marked **Exhibit 2**, **Exhibit 3**, **Exhibit 4**, **Exhibit 5**, **Exhibit 6**, **Exhibit 7** and **Exhibit 8** respectively.

9.     The actions of the Agency imposing the disqualification are arbitrary and capricious.

WHEREFORE, Plaintiffs pray the Honorable Court enter judgement in its favor and against the United States of America Department of Agriculture, Food and Nutrition Service, vacating the Disqualification Penalty imposed upon them.

Respectfully Submitted,

James M. Herb, Esq.
Attorney for Plaintiffs

**U.S. Department of Agriculture**
**Food and Nutrition Service**
**Administrative and Judicial Review Branch**

Golden Mini Mart Inc.,

Appellant,

v.

Retailer Operations Division,

Respondent.

Case Number: C0272959

## FINAL AGENCY DECISION

It is the decision of the U.S. Department of Agriculture (USDA), Food and Nutrition Service
(FNS) that a six-month disqualification from participation as an authorized retailer in the
Supplemental Nutrition Assistance Program (SNAP) was properly imposed against Golden Mini
Mart Inc. (hereinafter "Appellant") by FNS's Retailer Operations Division.

## ISSUE

The issue accepted for review is whether or not the Retailer Operations Division took appropriate
action, consistent with Title 7 Code of Federal Regulations (CFR) Part 278, in its administration
of SNAP when it imposed a six-month disqualification against Golden Mini Mart Inc.

## AUTHORITY

7 U.S.C. § 2023 and its implementing regulations at 7 CFR § 279.1 provide that "[A] food
retailer or wholesale food concern aggrieved by administrative action under § 278.1, § 278.6 or
§ 278.7 . . . may file a written request for review of the administrative action with FNS."

## CASE CHRONOLOGY

Golden Mini Mart Inc. was initially authorized to participate in SNAP on August 19, 2022.
Between August 3, 2023, and August 19, 2023, the USDA conducted an undercover
investigation of Golden Mini Mart Inc. to ascertain the firm's compliance with Federal SNAP
law. Agency records show that during the investigation Appellant violated SNAP regulations by
accepting SNAP benefits in exchange for ineligible non-food items on three separate occasions.

In a letter dated November 8, 2023, the Retailer Operations Division charged Appellant with
accepting SNAP benefits in exchange for ineligible non-food merchandise, in violation of 7 CFR
§ 278.2(a). The charge letter informed Appellant that the violations warranted a six-month



disqualification period from SNAP, as provided in 7 CFR § 278.6(e)(5). The letter further stated that under certain conditions, and in accordance with § 278.6(f)(1), FNS may impose a civil money penalty (CMP) in lieu of disqualification. According to agency records, Appellant did not submit a response.

After further evaluating the evidence, the Retailer Operations Division issued a determination letter, dated January 3, 2024. This letter informed Appellant that the Retailer Operations Division found that the violations did occur as outlined in the charge letter and that a six-month disqualification would be imposed in accordance with 7 CFR § 278.6(a) and (e). The determination letter also stated that Appellant was considered for a hardship CMP but was ineligible because there were other authorized stores in the area selling as large a variety of staple foods at comparable prices.

In a letter dated January 16, 2024, Appellant appealed the Retailer Operations Division's determination by requesting an administrative review. The request was granted, and implementation of the six-month disqualification has been held in abeyance pending completion of this review. On March 11, 2025, 2025, the administrative review was assigned to Administrative Review Officer Elizabeth Allen.

## STANDARD OF REVIEW

In an appeal of adverse action, such as disqualification from SNAP participation, an appellant bears the burden of proving by a preponderance of the evidence that the administrative action should be reversed. This means that an appellant has the burden of providing relevant evidence, which a reasonable mind, considering the record as a whole, would accept as sufficient to support a conclusion that the matter asserted is more likely to be true than not true.

## CONTROLLING LAW AND REGULATIONS

The controlling law in this matter is found in the Food and Nutrition Act of 2008, as amended (7 U.S.C. § 2021), and is promulgated through regulation under Title 7 CFR Part 278. Specifically, 7 CFR § 278.6(a) and (e) establish the authority upon which a six-month disqualification may be imposed against a retail food store or wholesale food concern.

7 CFR § 278.2(a) states, in part:

> [SNAP benefits] may be accepted by an authorized retail food store only from eligible households...only in exchange for eligible food.

7 CFR § 271.2 states, in part:

> Eligible foods mean: Any food or food product intended for human consumption except alcoholic beverages, tobacco, and hot food and hot food products prepared for immediate consumption...

2

7 CFR § 278.6(a) states, in part:

> FNS may disqualify any authorized retail food store...if the firm fails to comply with the Food and Nutrition Act of 2008, as amended, or this part. Such disqualification shall result from a finding of a violation on the basis of evidence that may include facts established through on-site investigations.... **Disqualification shall be for a period of 6 months to 5 years for the firm's first sanction; for [a] period of 12 months to 10 years for a firm's second sanction;** and disqualification shall be permanent for a disqualification based on paragraph (e)(1) of this section. [Emphasis added.]

7 CFR § 278.6(c) states, in part:

> The letter of charges, the response, and any other information available to FNS shall be reviewed and considered by the appropriate FNS regional office, which shall then issue the determination...

7 CFR § 278.6(e) states, in part:

> FNS shall take action as follows against any firm determined to have violated the Act or regulations...The FNS regional office shall:
>
> (5) Disqualify the firm for 6 months if it is to be the first sanction for the firm and the evidence shows that personnel of the firm have committed violations such as but not limited to the sale of common nonfood items due to carelessness or poor supervision by the firm's ownership or management.

7 CFR § 278.6(f)(1) states, in part:

> FNS may impose a civil money penalty as a sanction in lieu of disqualification when the firm subject to a disqualification is selling a substantial variety of staple food items, and the firm's disqualification would cause hardship to [SNAP] households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices.

## INVESTIGATION DETAILS

During an undercover investigation conducted between August 3, 2023, and August 19, 2023, FNS completed five compliance visits at Golden Mini Mart Inc. The report included Exhibits A through E and provided full details on the results of each compliance visit. SNAP violations documented during three of the visits included the exchange of ineligible non-food merchandise for SNAP benefits. The report noted in Exhibits C, D, and E the following ineligible non-food items were sold in exchange for SNAP benefits: a bag of cups, a bag of foam plates, a box of

forks, and a box of aluminum foil. The report noted that the investigator attempted to exchange SNAP benefits for an ineligible item in Exhibit A, but was refused. The report also noted that the investigator attempted to exchange SNAP benefits for cash in Exhibit E, but was refused. The charge letter states that the violations that occurred in Exhibits C, D, and E warrant a disqualification period of six months pursuant to 7 CFR § 278.6(e)(5).

## APPELLANT'S CONTENTIONS

The Appellant made the following summarized contentions in its request for administrative review, in relevant part:

- Appellant acknowledges and apologizes for the incident involving the sale of an ineligible item.
- The store has been serving the community for three years without any violations.
- The clerk responsible for the sale of ineligible items was new and not fully aware of the strict requirements. It was an unintended lapse, and the clerk forgot to adhere to the guidelines in place.
- Appellant has taken the following immediate corrective actions:
    o Termination of the employment responsible for the transactions.
    o Initiation of additional training for all current employees, emphasizing the strict requirements associated with the EBT program.
    o Implementation of comprehensive training for any new employee hired in the future.
    o Regular audits of EBT transactions and refresher courses for staff on EBT guidelines.

In support of its request for administrative view, Appellant, through counsel, submitted the following:

- November 21, 2023, email from Appellant's counsel to the Retailer Operations Division.
- November 14, 2023, letter from Appellant to the Retailer Operations Division apologizing program violations.

The preceding may represent only a brief summary of the Appellant's contentions presented in this matter. However, in reaching a decision, full attention was given to all contentions submitted, including any not specifically summarized or explicitly referenced in this document.

## ANALYSIS AND FINDINGS

If a store has never been sanctioned and its personnel, due to carelessness or poor supervision, sells common nonfood items for SNAP benefits, then the penalty under SNAP regulations is a six-month disqualification of the store's SNAP authorization.

This review examines the relevant information regarding the Retailer Operations Division's determination. Once the Retailer Operations Division establishes a violation occurred, Appellant bears the burden of providing relevant evidence to support a conclusion, considering the record

as a whole, that the disqualification should be reversed. If this is not demonstrated, the case will be sustained. Without supporting evidence and rationale, assertions that the firm has not violated program rules do not constitute valid grounds for overturning the determination.

The report of investigation, signed by the investigator under penalty of perjury, documents that the charges of violations are based on the findings of a formal USDA investigation. A complete review of this documentation has yielded no material error or discrepancy. The investigation report appears to be specific and thorough regarding the dates of the violations, the critical facts related thereto, and is supported by documentation that confirms the details of the transactions. In addition to the investigation report, the record contains corroborating evidence, including photographs of the items purchased; copies of any EBT receipts provided to the investigator; a donation certification listing the specific items purchased during the investigation and showing the charitable organization the items were donated to, including a signature of receipt by the charitable organization.

On administrative review, Appellant did not offer any evidence or alternative theories to counter the agency's investigative report. In fact, Appellant acknowledges and apologizes for the violations. Because the violations themselves do not appear to be in dispute, this review finds, by a preponderance of the evidence, that program violations did occur as charged by the Retailer Operations Division and a six-month disqualification is warranted. The balance of this review will address Appellant's remaining contentions.

### Prior Compliance History/Applicable Penalty

Appellant contends that the store has been serving the community for three years without any violations. However, a record of participation in the SNAP with no previously documented instance of violations does not constitute valid grounds for dismissal of the current charges of violations or for mitigating the impact of those charges. As such, the Appellant's compliance history is not a relevant consideration in the present case.

The investigation report shows that of the four times that nonfood violations were attempted, store personnel permitted them three times. Repeatedly entrusting an unsupervised, inexperienced and/or untrained clerk(s) to handle SNAP benefits is reasonably viewed as careless or the exercise of poor supervision. Accordingly, the Retailer Operations Division attributed the violations to "carelessness, or poor supervision by the firm's ownership or management," pursuant to 7 CFR § 278.6(e)(5) of the SNAP regulations, which results in a disqualification of six months. This penalty is only permitted if the firm has not been previously sanctioned. Therefore, a six-month disqualification for the violations committed, the minimum penalty allowed by regulations, is the appropriate sanction in this case.

### Appellant's Responsibilities

Appellant contends that the transactions were conducted by a new employee who was not fully aware of the strict SNAP guidelines and had an unintended lapse and forgot to adhere to the guidelines. Regardless of whom the ownership of a store may utilize to handle store

business; the ownership is accountable for the proper training of staff and the monitoring and handling of SNAP benefit transactions. To allow store ownership to disclaim accountability for the acts of persons whom the ownership chooses to utilize to handle store business would render virtually meaningless the enforcement provisions of the Food and Nutrition Act of 2008 and the enforcement efforts of the USDA. Ownership signed the FNS reauthorization application for SNAP retailers on August 20, 2018, which include a certification and confirmation that the owner would "accept responsibility on behalf of the firm for violations of the SNAP regulations, including those committed by any of the firm's employees, paid or unpaid, new, full-time or part-time."

### Corrective Actions

Appellant reported that it terminated the clerk involved in the violative transactions, initiated additional training for new employees, implemented comprehensive training for new employees, and implemented regular audits of EBT transactions. However, it must be noted that the purpose of this review is to either validate or invalidate the earlier determination of the Retailer Operations Division. This review is limited to the circumstances that existed at the time the violations were committed. It is not the authority of this review to consider any subsequent remedial actions that may have been taken or will take place so that a store may enhance or begin to comply with program requirements. In addition, there are no provisions in the SNAP regulations for a waiver or reduction of an administrative penalty on the basis of alleged or planned corrective actions implemented subsequent to findings of program violations. Therefore, Appellant's corrective actions do not provide a valid basis for dismissing the charges or for modifying the penalty imposed.

### Hardship Civil Money Penalty (CMP)

Although not requested by Appellant, the Retailer Operations Division evaluated the firm's eligibility for a hardship civil money penalty (CMP) in lieu of disqualification and determined that the firm was not eligible for this alternative penalty.

To address potential difficulties that SNAP households might incur when a firm is disqualified, regulations at 7 CFR § 278.6(f)(1) allow, in limited circumstances, for a CMP to be imposed instead of disqualification. Specifically, the regulation states that a CMP is permitted when a firm's disqualification would cause "hardship" to SNAP households. While it is recognized that some degree of inconvenience to SNAP recipients is likely whenever a retail food store is disqualified for a period of time and households are forced to use their benefits elsewhere, such inconvenience does not rise to the level of "hardship" unless there are no comparable SNAP authorized stores in the area at which customers can shop. The regulation states that hardship to SNAP households occurs when there is "no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices." In such circumstances, a CMP in lieu of disqualification may be considered.

It is the determination of this review that the disqualification of Golden Mini Mart Inc., a convenience store, would not cause hardship for SNAP households because there are other shopping options in the area. According to agency records, there are similarly stocked, or larger,

SNAP authorized retail stores located within a one-mile radius, including a convenience store and a combination store. There is also no evidence that Appellant sells its inventory at unusually low prices in comparison to nearby stores. Given that hardship conditions have not been established, this review agrees with the Retailer Operations Division's determination that a hardship CMP may not be assessed in lieu of disqualification.

## CONCLUSION

This review finds, by a preponderance of the evidence, that program violations of 7 CFR § 278.2(a) did occur at Golden Mini Mart Inc. during a USDA investigation. Accordingly, the Retailer Operations Division's determination to impose a six-month disqualification period is sustained.

In accordance with the Food and Nutrition Act and SNAP regulations, the six-month period of disqualification shall become effective 30 days after receipt of this decision. Appellant may submit a new application for SNAP authorization 10 days prior to the expiration of the six-month disqualification period.

## RIGHTS AND REMEDIES

Applicable rights to a judicial review of this decision are set forth in 7 U.S.C. § 2023 and 7 CFR § 279.7. If Appellant desires a judicial review, the complaint must be filed in the U.S. District Court for the district in which Appellant's owner resides, is engaged in business, or in any court of record of the State that has competent jurisdiction. This complaint, naming the United States as the defendant, must be filed within thirty (30) days of delivery of this decision. The judicial filing deadline is stipulated by statute; FNS has no authority to grant an extension.

Under the Freedom of Information Act, we are releasing this information in a redacted format as appropriate. FNS will protect, to the extent provided by law, personal information that could constitute an unwarranted invasion of privacy.


ELIZABETH ALLEN                                                May 6, 2025
Administrative Review Officer

US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE

| **INVESTIGATIVE TRANSACTION REPORT** | *Redacted<br>08/03/2023 | EXHIBIT  A<br>RESULT: N |
|---|---|---|

**DETAILS OF TRANSACTION/VISIT :**

I, *Redacted, Investigator, Contractor for the Food and Nutrition Service, United States Department of Agriculture, make the following statement freely and voluntarily, knowing that this statement may be used in evidence.

I entered the subject store on the above date at about 3:40 p.m. and began shopping. While shopping, I observed the store being clean, organized, and stocked with food and non-food. Clothing was displayed on the wall, and smoking bowls and water pipes were shelved inside the point-of-sale counter. Security cameras were throughout, and a monitor faced the registers. I made my selections and approached the counter while holding my items and EBT card. I placed my selections on the counter, where a male clerk greeted me. I put my hand with my EBT card on the counter while the clerk rang up the food and non-food without mentioning the non-food item. The clerk stated the total purchase price, and I told him I was paying with EBT. The clerk mentioned the non-food item by asking me if I was paying for it separately. I replied that I had no money and placed the non-food item back onto its shelf, leaving my EBT card and food behind. I returned to the counter, and when directed by the clerk, I swiped my EBT card and entered its PIN into a machine. The clerk bagged my food items, and when the food transaction was completed, I obtained my receipt and bag, exiting the store at approximately 3:44 p.m.

**EXHIBIT**

**2**

US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE

| INVESTIGATIVE TRANSACTION REPORT | *Redacted 08/03/2023 | EXHIBIT  A RESULT: N |
|---|---|---|

## CLERK INFORMATION

| SEX | AGE | HEIGHT | WEIGHT | HAIR | OTHER IDENTIFIERS |
|---|---|---|---|---|---|
| M | 25-30 | 5'7" - 5'10" | 160 - 170 | Brown | None |

| Identification During Transaction as: (Name) Unknown | (Title, Relationship to Owner): Unknown | Means of Identification: None |
|---|---|---|

## EBT BENEFITS ISSUED, USED AND RETURNED:

| EBT Card Number | Issued Value | Used Value | Returned Value |
|---|---|---|---|
| *Redacted | $1544.60 | $4.28 | $1540.32 |
|  |  |  |  |

| EBT RECEIPT: Y | CASH REGISTER RECEIPT: N | SALES TAX CHARGED: N/A | AMOUNT CHARGED: $0.00 |
|---|---|---|---|

| AMOUNT OF PURCHASE [if known] | BENEFITS TRAFFICKED [if applicable] | CASH RECEIVED [if applicable] |
|---|---|---|
| $4.28 | N/A | N/A |

## MERCHANDISE RECEIVED [if applicable]:

| QUANTITY | DESCRIPTION OF ITEM | TYPE | PRICE |
|---|---|---|---|
| 1 | Packaged bowl of spicy beef noodles | E | NPI |
| 1 | Can of beefaroni | E | NPI |
| 1 | Box of forks | R |  |

NPI - NO PRICE INDICATED OR ILLEGIBLE         TYPE:    E - ELIGIBLE, I - INELIGIBLE, M - MAJOR INELIGIBLE, R - REFUSAL, C - CREDIT, F - FREE / NO CHARGE

TRAFFICKING CASH DATA [if applicable]:

US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE

| INVESTIGATIVE TRANSACTION REPORT | *Redacted 08/04/2023 | EXHIBIT B RESULT: F |
|---|---|---|

**DETAILS OF TRANSACTION/VISIT :**

I, *Redacted, Investigator, Contractor for the Food and Nutrition Service, United States Department of Agriculture, make the following statement freely and voluntarily, knowing that this statement may be used in evidence.

I entered the subject store on the above date at about 1:40 p.m. and began shopping. I made my selections and approached the point-of-sale counter while holding my items and EBT card. I placed my selections on the counter, where a male clerk greeted me. I attempted to exchange pleasantries, but he did not engage. The clerk rang up the food items, stated a purchase price, and I told him I was paying with EBT. When directed by him, I swiped my EBT card and entered its PIN into a machine. The clerk bagged my food items, and when the food transaction was completed, I obtained my receipt and bag, exiting the store at approximately 1:45 p.m.

*Redacted - MATERIAL DELETED PURSUANT TO 5 U.S.C SECTION 552(b) (6) and 552(b) (7) (C).
FORM FNS-413 (PAGE 4 OF 11) - (7-98) PREVIOUS EDITIONS OBSOLETE.

**EXHIBIT**

**3**

US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE

| INVESTIGATIVE TRANSACTION REPORT | *Redacted<br>08/05/2023 | EXHIBIT  C<br>RESULT: P |
|---|---|---|

**DETAILS OF TRANSACTION/VISIT :**

I, *Redacted, Investigator, Contractor for the Food and Nutrition Service, United States Department of Agriculture, make the following statement freely and voluntarily, knowing that this statement may be used in evidence.

I entered the subject store on the above date at about 1:16 p.m. and began shopping. I made my selections and approached the point-of-sale counter while holding my items and EBT card. I placed my selections on the counter, where a male clerk greeted me. The clerk rang up the food and non-food without mentioning the non-food item. He stated the total purchase price, and I said I was paying with EBT. The clerk acknowledged me by repeating EBT and entered something into a device or machine. When directed by him, I swiped my EBT card and entered its PIN into the same machine. The clerk bagged my food and non-food without mentioning the non-food item. Once the food and non-food transaction was completed, I obtained my receipt and bag, exiting the store at approximately 1:19 p.m.

*Redacted - MATERIAL DELETED PURSUANT TO 5 U.S.C SECTION 552(b) (6) and 552(b) (7) (C).<br>FORM FNS-413 (PAGE 6 OF 11) - (7-98) PREVIOUS EDITIONS OBSOLETE.



EXHIBIT

4

US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE

| **INVESTIGATIVE TRANSACTION REPORT** | *Redacted 08/05/2023 | EXHIBIT C RESULT: P |
|---|---|---|

### CLERK INFORMATION

| SEX | AGE | HEIGHT | WEIGHT | HAIR | OTHER IDENTIFIERS |
|---|---|---|---|---|---|
| M | 40-45 | 5'8" - 5'11" | 170 - 180 | Other | The clerk wore a hat. |

| Identification During Transaction as: (Name) | (Title, Relationship to Owner): | Means of Identification: |
|---|---|---|
| Unknown | Unknown | None |

### EBT BENEFITS ISSUED, USED AND RETURNED:

| EBT Card Number | Issued Value | Used Value | Returned Value |
|---|---|---|---|
| *Redacted | $1408.47 | $11.23 | $1397.24 |
| | | | |

| EBT RECEIPT: Y | CASH REGISTER RECEIPT: N | SALES TAX CHARGED: N/A | AMOUNT CHARGED: $0.00 |
|---|---|---|---|

| AMOUNT OF PURCHASE [if known] | BENEFITS TRAFFICKED [if applicable] | CASH RECEIVED [if applicable] |
|---|---|---|
| $11.23 | N/A | N/A |

### MERCHANDISE RECEIVED [if applicable]:

| QUANTITY | DESCRIPTION OF ITEM | TYPE | PRICE |
|---|---|---|---|
| 1 | Bag of CUPS (16 FL. OZ.) (16 pieces) (no brand indicated) | I | NPI |
| 1 | Bag of potato chips | E | 5.99 |
| 1 | Bottle of cola | E | NPI |

NPI - NO PRICE INDICATED OR ILLEGIBLE          TYPE.     E - ELIGIBLE, I - INELIGIBLE, M - MAJOR INELIGIBLE, R - REFUSAL, C - CREDIT, F - FREE / NO CHARGE

**TRAFFICKING CASH DATA [if applicable]:**

US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE

| INVESTIGATIVE TRANSACTION REPORT | *Redacted 08/12/2023 | EXHIBIT D RESULT: P |
|---|---|---|

**DETAILS OF TRANSACTION/VISIT :**

I, *Redacted, Investigator, Contractor for the Food and Nutrition Service, United States Department of Agriculture, make the following statement freely and voluntarily, knowing that this statement may be used in evidence.

I entered the subject store on the above date at about 1:46 p.m. and began shopping. While shopping, I asked the male clerk if the store carried pancake mix. The clerk exited behind the point-of-sale and assisted me; however, the food item could not be located. I made my selections and approached the counter while holding my items and EBT card. I placed my selections on the counter, where the clerk greeted me. I periodically put my hand with my EBT card on the counter as the clerk rang up my food and non-food without mentioning the non-food items. The clerk entered something into a machine, turned it to face me, and I swiped my EBT card into it, entering its PIN. The clerk bagged my food and non-food without mentioning the non-food items. Once the food and non-food transaction was completed, I obtained my receipt and bag, exiting the store at approximately 1:51 p.m.

EXHIBIT
5

US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE

| INVESTIGATIVE TRANSACTION REPORT | *Redacted 08/12/2023 | EXHIBIT  D RESULT: P |
|---|---|---|

## CLERK INFORMATION

| SEX | AGE | HEIGHT | WEIGHT | HAIR | OTHER IDENTIFIERS |
|---|---|---|---|---|---|
| M | 40-45 | 5'8" - 5'11" | 170 - 180 | Other | The clerk wore a hat. |

| Identification During Transaction as: (Name) | (Title, Relationship to Owner): | Means of Identification: |
|---|---|---|
| Unknown | Uknown | None |

## EBT BENEFITS ISSUED, USED AND RETURNED:

| EBT Card Number | Issued Value | Used Value | Returned Value |
|---|---|---|---|
| *Redacted | $1353.91 | $13.55 | $1340.36 |
|  |  |  |  |

| EBT RECEIPT: Y | CASH REGISTER RECEIPT: N | SALES TAX CHARGED: N/A | AMOUNT CHARGED: $0.00 |
|---|---|---|---|

| AMOUNT OF PURCHASE [if known] | BENEFITS TRAFFICKED [if applicable] | CASH RECEIVED [if applicable] |
|---|---|---|
| $13.55 | N/A | N/A |

## MERCHANDISE RECEIVED [if applicable]:

| QUANTITY | DESCRIPTION OF ITEM | TYPE | PRICE |
|---|---|---|---|
| 1 | Bag of Readi Plates Foam Plates (8 7/8") (30 Count) | I | NPI |
| 1 | Box of GOODCO! CRYSTAL CLEAR FORKS (24 FORKS) | I | NPI |
| 1 | Bag of bread | E | 3.89 |
| 1 | Bottle of syrup | E | NPI |
| 1 | Box of blueberry muffin mix | E | NPI |

NPI - NO PRICE INDICATED OR ILLEGIBLE          TYPE:    E - ELIGIBLE, I - INELIGIBLE, M - MAJOR INELIGIBLE, R - REFUSAL, C - CREDIT, F - FREE / NO CHARGE

| TRAFFICKING CASH DATA [if applicable]: |
|---|
|  |

US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE

| **INVESTIGATIVE TRANSACTION REPORT** | *Redacted<br>08/19/2023 | EXHIBIT E<br>RESULT: P |
| --- | --- | --- |

**DETAILS OF TRANSACTION/VISIT :**

I, *Redacted, Investigator, Contractor for the Food and Nutrition Service, United States Department of Agriculture, make the following statement freely and voluntarily, knowing that this statement may be used in evidence.

I entered the subject store on the above date at about 5:17 p.m. and began shopping. I made my selections and approached the point-of-sale counter while holding my items and EBT card. I placed my selections on the counter, where a male clerk greeted me. The clerk rang up my food and non-food without mentioning the non-food item. He entered something into a machine, and when by directed him, I swiped my EBT card and entered its PIN into the same machine. The clerk and I exchanged pleasantries as he bagged my food and non-food without mentioning the non-food item. I asked the clerk for my receipt because it had my balance, and he gave it to me. I asked the clerk if it would be possible for me to get cash off of my EBT card. The clerk repeated EBT to me and followed by shaking his head and saying no. Once the food and non-food transaction was completed, I obtained my bag and exited the store at approximately 5:20 p.m.



US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE

| INVESTIGATIVE TRANSACTION REPORT | *Redacted 08/19/2023 | EXHIBIT  E RESULT  P |
|---|---|---|

## CLERK INFORMATION

| SEX | AGE | HEIGHT | WEIGHT | HAIR | OTHER IDENTIFIERS |
|---|---|---|---|---|---|
| M | 40-45 | 5'8" - 5'11" | 170  180 | Bald | None |

| Identification During Transaction as: (Name) Unknown | (Title, Relationship to Owner). Unknown | Means of Identification: None |
|---|---|---|

## EBT BENEFITS ISSUED, USED AND RETURNED:

| EBT Card Number | Issued Value | Used Value | Returned Value |
|---|---|---|---|
| *Redacted | $1280.18 | $7.12 | $1273.06 |

| EBT RECEIPT: Y | CASH REGISTER RECEIPT: N | SALES TAX CHARGED: N/A | AMOUNT CHARGED: $0.00 |
|---|---|---|---|

| AMOUNT OF PURCHASE [If known] | BENEFITS TRAFFICKED [If applicable] | CASH RECEIVED [If applicable] |
|---|---|---|
| $7.12 | N | N/A |

## MERCHANDISE RECEIVED [if applicable]:

| QUANTITY | DESCRIPTION OF ITEM | TYPE | PRICE |
|---|---|---|---|
| 1 | Box of FOILRITE Aluminum Foil (25 SQUARE FEET) | I | NPI |
| 1 | Bottle of canola oil | E | NPI |
|  | Cash | R |  |

NPI  NO PRICE INDICATED OR ILLEGIBLE          TYPE      E  ELIGIBLE  I  INELIGIBLE  M  MAJOR INELIGIBLE  R  REFUSAL  C  CREDIT  F  FREE / NO CHARGE

TRAFFICKING CASH DATA [if applicable]:

Wejdan Yehia Nasser
Golden Mini Mart Inc
4500 4th Avenue
Beaver Falls, PA  15010

November 14, 2023

Attn: Tamara Bell
USDA, Food and Nutrition Service
Email: tamara.bell@usda.gov
Fax: 855-830-5934

Dear Ms Bell;

Subject: Apology and Commitment to Adherence of EBT Program Guidelines

I hope this letter finds you well. I am writing on behalf of Golden Mini Mart Inc, and it is
with sincere regret that we acknowledge and apologize for a recent incident involving
the sale of an ineligible item on an EBT card at our establishment.

Our store has been proudly serving the community for over a year, and this unfortunate
occurrence represents the first of its kind during our tenure. We take this matter very
seriously, and we would like to provide some context to the incident.

The individual responsible for the oversight is a new employee who, regrettably, was not
fully aware of the strict selling requirements for the EBT card. It was an unintended
lapse, and they simply forgot to adhere to the guidelines in place. We understand the
gravity of this error and recognize the importance of only selling permitted items using
the EBT card to maintain the integrity of this vital program.

To address this issue, we are taking immediate corrective action. We have initiated
additional training for the employee involved, emphasizing the strict requirements
associated with the EBT program. We are also willing to remove this employee from all
cashier duties if you would find that acceptable in order for our location to continue
participation in the EBT program.

Furthermore, we will implement comprehensive training for any new employee we hire in
the future to ensure a thorough understanding of and adherence to the program
guidelines.



EXHIBIT

7

The EBT program holds significant importance for our location, as it allows us to serve the community while supporting individuals and families in need. We genuinely apologize for any inconvenience or concern this incident may have caused and want to assure you that it was an isolated occurrence that does not reflect our commitment to the EBT program's principles.

We understand the responsibility that comes with participating in the EBT program and vow not to repeat this same mistake. We value our relationship with the program and the positive impact it has on the community. We hope for your consideration and understanding in this matter and respectfully request the opportunity to continue participating in the EBT program.

Thank you for your time and attention to this issue. We are committed to rectifying this situation and ensuring compliance with all EBT program guidelines moving forward.

Sincerely,

Wejdan Yehia Nasser, Owner

Wejdan Yehia Nasser
Golden Mini Mart Inc
4500 4th Avenue
Beaver Falls, PA 15010

March 25, 2025

Attn: Ms. Elizabeth Allen
USDA, Food and Nutrition Service
Email: elizabeth.allen4@usda.gov

Dear Ms. Allen,

Subject: Apology and Commitment to Adherence of EBT Program Guidelines

I hope this letter finds you well. I am writing on behalf of Golden Mini Mart Inc, and it is with sincere regret that we acknowledge and apologize for a recent incident involving the sale of an ineligible item on an EBT card at our establishment a couple of years ago.

Our store has been proudly serving the community for about 3 years, and this unfortunate occurrence represents the first of its kind during our tenure. We take this matter very seriously, and we would like to provide some context to the incident. The individual responsible for the oversight was a new employee who, regrettably, was not fully aware of the strict selling requirements for the EBT card. It was an unintended lapse, and they simply forgot to adhere to the guidelines in place. We understand the gravity of this error and recognize the importance of only selling permitted items using the EBT card to maintain the integrity of this vital program.

To address this issue, we are taking immediate corrective action:

1. **Employee Accountability:** The employee responsible for the incident is no longer employed at our business. This decision was made to ensure accountability and to reinforce our commitment to compliance with EBT program guidelines.

2. **Training:** We have initiated additional training for all current employees, emphasizing the strict requirements associated with the EBT program. This training will be completed within the next two weeks.

3. **Future Hiring Practices:** We will implement comprehensive training for any new employee we hire in the future to ensure a thorough understanding of and adherence to the program guidelines.



EXHIBIT

8

4. **Ongoing Measures:** To further strengthen our compliance, we will conduct regular audits of EBT transactions and provide refresher courses for staff on EBT guidelines every six months.

The EBT program holds significant importance for our location, as it allows us to serve the community while supporting individuals and families in need. We genuinely apologize for any inconvenience or concern this incident may have caused and want to assure you that it was an isolated occurrence that does not reflect our commitment to the EBT program's principles.

We understand the responsibility that comes with participating in the EBT program and vow not to repeat this same mistake. We value our relationship with the program and the positive impact it has on the community. We hope for your consideration and understanding in this matter and respectfully request the opportunity to continue participating in the EBT program.

Thank you for your time and attention to this issue. We are committed to rectifying this situation and ensuring compliance with all EBT program guidelines moving forward.

**Sincerely,**

**Wejdan Yehia Nasser, Owner**

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

GOLDEN MINI MART, INC.,            )
    a Pennsylvania Corporation       )
                             )
           vs.                          )        NO. 2:25-CV-00765
                             )
UNITED STATES OF AMERICA,           )
    UNITED STATES DEPARTMENT OF      )
    AGRICULTURE, FOOD AND            )
    NUTRITION SERVICE                )

## **VERIFICATION**

    I verify that the statements made in the forgoing Petition are true and correct. I

understand that false statements herein are made subject to the penalties of 18 PA C.S. §4904

relating to unsworn falsifications to authorities.

6/05/2025

*DATE*: _____              Wejdan Y Nasser
                                           *GOLDEN MINI MART, INC.*
                                          *Wejdan Yahia Nasser, President*

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GOLDEN MINI MART, INC., <br> a Pennsylvania Corporation | ) <br> ) <br> ) | |
| vs. | ) <br> ) | NO. 2:25-CV-00765 |
| UNITED STATES OF AMERICA, <br> UNITED STATES DEPARTMENT OF <br> AGRICULTURE, FOOD AND <br> NUTRITION SERVICE | ) <br> ) <br> ) <br> ) | |

## CERTIFICATION OF SERVICE

The undersigned certifies that a true and correct copy of the forgoing document was

served this date via ordinary First-Class U.S. Mail, upon the following:

**UNITED STATES DEPARTMENT OF ARGRICULTURE**
Elizabeth Allen
Administrative Review Officer
Administrative Review Branch
U.S. Department of Agriculture
Food and Nutrition Service
1320 Braddock Place, 5th Floor,
Alexandria, Virginia 22314

*DATE*: _____6/5/25_____        _____
**JAMES M. HERB, ESQUIRE**